The State of Alabama Highway Department ("the Department") sued for a judgment declaring that nine outdoor advertising signs ("billboards") belonging to Lamar Advertising of Montgomery, Inc. ("Lamar"), had been erected, and were being maintained, in violation of the State Highway Beautification Act — Outdoor Advertising, Ala. Code 1975, §§ 23-1-270 through23-1-288, and also sought a mandatory injunction ordering Lamar to remove the billboards. Lamar answered and filed a counterclaim. In its answer, Lamar contended that the Department is estopped from asserting that the billboards were illegally erected and maintained; in its counterclaim, Lamar contended that the Department should be required to pay just compensation for the removal of the billboards if the trial court determined that the billboards had to be removed. The trial court entered a summary judgment for Lamar, holding that the Department was estopped from asserting that the signs were illegal, and it dismissed without prejudice Lamar's counterclaim as moot. The Department appeals.
As the basis for the removal of the billboards, the Department contends that eight of the billboards are located on property on which billboards are not permitted — six on property zoned "agricultural"; one on property zoned for a planned urban development; and one on property zoned "residential" — and that one billboard is located too close to another billboard.
The Department's arguments and Lamar's arguments are substantially identical to the arguments presented in the case of State Highway Department v. Headrick Outdoor Advertising,Inc., 594 So.2d 1202 (Ala. 1992), in which we held as follows:
 "[T]he Department cannot be estopped from raising the illegality of the signs or from claiming that they were illegally erected under the State [Highway Beautification] Act [— Outdoor Advertising, Ala. Code 1975, §§ 23-1-270 through 23-1-288]. However, the issue whether the signs were, in fact, erected and maintained in violation of the law . . . is for the trial court to determine. Therefore, we reverse and remand for a determination of whether the signs at issue were illegally erected in a statutorily prohibited area and therefore must be removed; and, if so, for a determination of whether Headrick is entitled to just compensation for the removal of the signs and, if so, a *Page 1207 
determination of the amount that would justly compensate Headrick as a result of their removal."
Therefore, on the authority of State Highway Department v.Headrick Outdoor Advertising, Inc., we reverse the trial court's summary judgment in favor of Lamar and remand for a determination of whether the billboards at issue were illegally erected in statutorily prohibited areas and in violation of statutory guidelines and therefore must be removed; and if so, for a determination of whether Lamar is entitled to just compensation for the removal of the billboards and, if so, a determination of the amount that would justly compensate Lamar for their removal.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.